UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
SAQUIB BASHEER BUTT,

        Plaintiff

        v.                                CIVIL ACTION NO.:
                                        09-12004-EFH

UNITED STATES OF AMERICA,

        Defendant.
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM AND ORDER**

May 27, 2010

HARRINGTON, S.D.J.

      The United States moves to dismiss for lack of subject matter jurisdiction a complaint brought by the plaintiff, Saquib Basheer Butt, pursuant to the Federal Torts Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-2680.  The plaintiff, a citizen of Pakistan, alleges in his complaint that the United States Citizenship and Immigration Service negligently and wrongfully failed to timely process his H1-B visa extension and employment authorization applications causing him lost wages during the period that he was without legal authorization to work.

      The FTCA vests federal district courts with jurisdiction over certain claims against the United States for damages caused by the negligent or wrongful acts or omissions of government employees.  28 U.S.C. §§ 1346(b)(1).  Jurisdiction for such claims, however, is limited to "circumstances where the United States, *if a private person*, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."  Id. (emphasis added).

Thus, "the FTCA does not apply 'where the claimed negligence arises out of the failure of the United States to carry out a federal statutory duty in the conduct of its own affairs.'" Sea Air Shuttle Corp v. United States, 112 F.3d 532, 536 (1st Cir. 1997) (quoting Johnson v. Sawyer, 47 F.3d 716, 727-28 (5th Cir. 1995) (en banc)).

The fact that a case, like the matter at hand, involves "a peculiarly governmental function does not, of course, necessarily preclude FTCA coverage." Id. In such situations, the courts may take jurisdiction if there exists an analogous circumstance in which state law would impose a duty of care on a private person. United States v. Olson, 546 U.S. 43, 46-47 (2005) (Federal mine inspectors have duty of care analogous to "private persons who conduct safety inspections."); see Indian Towing Co. v. United States, 350 U.S. 61, 64-65 (1955) (Coast Guard has duty to operate lighthouse in careful manor analogous to duty of care imposed on private person "who undertakes to warn the public of danger and therefore induces reliance.").

Despite a second opportunity to brief the matter,[1] plaintiff has pointed to no Massachusetts law which imposes a duty of care on a private person in a situation that is analogous to the government's failure to timely process a visa application.[2] The Court, therefore,

---

[1] By order dated March 30, 2010, the Court requested that the parties submit additional memoranda of law addressing the plaintiff's contention that under Massachusetts law a private person owes a duty of care where that person "accepts money for an application and ignores the applicant's request for action on the application."

[2] In his reply brief, plaintiff asserts that, under Massachusetts law, "[a] plaintiff can show the existence of a special duty by relying on a public employee's violation of a statute . . . or by showing that the plaintiff has reasonably relied to his or her harm on assurances of care given by a public employee." Pl.'s Reply Br. 1 (citing Massachusetts case law). Assuming, without deciding, that Massachusetts law imposes such a duty with respect to public employees, there remains no *private* liability counterpart to support jurisdiction. "[T]he federal government does not yield its immunity with respect to obligation that are peculiar to governments or official-capacity state actors and which have no private counterpart in state law." Bolduc v. United

rules that the plaintiff "has challenged a type of conduct, 'that a private person could not engage in, and hence could not be liable for under local law.'" Sea Air Shuttle Corp., 112 F.3d at 537 (quoting Sky Ad, Inc. v. McClure, 951 F.2d 1146, 1147 & n.2 (9th Cir. 1991)). Accordingly, the Court lacks jurisdiction pursuant to 28 U.S.C. § 1346(b)(1) to hear the plaintiff's claim.

Defendants' motion to dismiss (Docket No. 9) is hereby GRANTED.

SO ORDERED.

/s/ Edward F. Harrington
EDWARD F. HARRINGTON
United States Senior District Judge

---

States, 402 F.3d 50, 57 (1st Cir. 2005); Olson, 546 U.S. at 45-46 ("The [FTCA] says that it waives sovereign immunity 'under circumstances where the United States, if *a private person*,' not "the United States, if a state or municipal entity,' would be liable.").

3